UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NORLITO SORIANO, | ) | Case No.: 09-CV-02415-LHK |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER ADDRESSING VARIOUS |
| COUNTRYWIDE HOME LOANS, INC., | ) | PRETRIAL ISSUES |
| SOLIDHOMES FUNDING, MANUEL | ) | |
| CHAVEZ, MARK FLORES, SOLIDHOMES | ) | |
| ENTERPRENEURS, INC., BANK OF | ) | |
| AMERICA CORP., AND DOES 5-100, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff's claims for violation of the Real Estate Settlement Procedures Act ("RESPA", 12 U.S.C. § 2601 *et seq.*) and violation of California's Unfair Competition Law ("UCL," Bus. & Prof. Code § 17200 *et seq.*) have survived summary judgment. *See* Dkt. No. 59, April 11, 2011 Order. Trial in this case is set for June 6, 2011, and a pretrial conference will be held on May 4, 2011. The parties have been ordered to attend a settlement conference with the Honorable Ronald Whyte on May 11, 2011. Before the pretrial conference, the parties raised a number of issues relating to the scope of the case and the matters to be decided at trial. The Court addresses those issues here. The Court assumes familiarity with the statement of facts and background set forth in its Order on summary judgment, and does not restate them here.

I.      Plaintiff's Request for Reconsideration Regarding Emotional Distress Damages

Plaintiff asks the Court for reconsideration of its Order granting summary judgment to CHL on Plaintiff's claim for emotional distress damages arising from the asserted RESPA violation. Plaintiff did not file a timely opposition to the summary judgment motion. After the time for filling an opposition had passed, Plaintiff requested leave to file a late opposition, which the Court granted. In opposing the motion for summary adjudication of the damages available based on his RESPA claim, Plaintiff argued that "[i]f Defendants had properly corrected the loan servicing error, [Plaintiff] would not have incurred increased mortgage payments . . . [Plaintiff] remains liable for . . . emotional distress, $250,000.00." Opp'n to Summary Judgment Motion (Dkt. 55) at 14. Thus, Plaintiff did not argue that any emotional distress damages were due to the alleged RESPA violation by itself, but instead claimed emotional distress damages due to the increase in his mortgage payments. *See* Dkt. No. 54. In the summary judgment Order, the Court held that "Plaintiff cannot claim that the insufficient response to the QWR [Qualified Written Request], in and of itself, caused his loan payments to rise, directly caused his emotional distress resulting from the rising charges, or directly damaged his credit. Plaintiff has failed to introduce any evidence to show that 'some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA' exists." April 11, 2011 Order at 23-27 (citing *Allen v. United Fin. Mortg. Corp.,* No. 09-2507 SC, 2010 U.S. Dist. LEXIS 26503 at *14 (N.D. Cal. Feb. 3, 2011). The Court concluded that the only disputed fact Plaintiff had identified regarding available damages for his RESPA claim was whether he was entitled to the attorney's fees he incurred when his attorney followed up with CHL after CHL failed to respond to the September 20, 2007 QWR.

Now, Plaintiff argues that the Court should reconsider its summary judgment Order to allow Plaintiff to claim emotional distress damages resulting from the alleged RESPA violation. As described above, Plaintiff did *not* raise this argument or Plaintiff's supporting evidence in Plaintiff's opposition to summary adjudication of his available RESPA damages. Instead, Plaintiff waited until after the Court issued its Order on summary judgment to identify evidence that, according to Plaintiff, supports a claim for emotional distress arising from the alleged RESPA violation. "A motion for reconsideration 'may not be used to raise arguments or present evidence

2

Case No.: 09-CV-02415-LHK
ORDER ADDRESSING VARIOUS PRETRIAL ISSUES

for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009).

The Court notes that whether Plaintiff may claim emotional distress as "actual damage" resulting from a RESPA violation is an unresolved issue. *See Ramanujam v. Reunion Mortg., Inc.,* No. 5:09-cv-03030-JF, 2011 U.S. Dist. LEXIS 10672 at *14-*16 (N.D. Cal. Feb. 3, 2011) (holding that "damages for inconvenience and emotional and mental distress are not pecuniary damages that can support a claim under RESPA"); *but see Moon v. GMAC Mortg. Corp.,* No. C08-969Z, 2009 U.S. Dist. LEXIS 91933 at *14-*15 (W.D. Wash. Oct. 2, 2009) (finding that emotional distress damages are available as actual damages under RESPA). However, the Court need not resolve this issue now. In opposing CHL's motion for summary adjudication of the damages available to Plaintiff for his asserted RESPA violation, Plaintiff did not argue that he sustained emotional distress damages *directly* from the alleged RESPA violation, and he did not cite the evidence he now cites in support of this claim. Rather, he argued (as he has done consistently in litigating this case thus far) that his emotional distress resulted directly from the increase in his loan charges. Therefore, Plaintiff may not raise this argument now. *Marlyn*, 571 F.3d at 880. Accordingly, Plaintiff's motion for reconsideration or clarification of the Summary Judgment Order is DENIED. As previously ordered, Plaintiff's actual damages for the asserted RESPA violation are limited to the attorney's fees directly associated with obtaining a response to the QWR.

II. Plaintiff's Request Regarding TILA Violation as Predicate Unlawful Act under California's Unfair Competition Law

In its summary judgment motion, CHL argued that the Court should grant summary judgment of Plaintiff's UCL claim because it was based on claims for violations of RESPA and the Truth in Lending Act ("TILA," 15 U.S.C. § 1601 *et seq*.) which were themselves subject to summary judgment. The Court found that Plaintiff's TILA damages claim was time-barred and therefore granted summary judgment for CHL as to that claim, but found that the UCL claim could go forward on the basis of the alleged RESPA violation. *See* April 11, 2011 Order at 12-13. Plaintiff has now asked the Court to clarify whether the UCL claim may proceed on the basis of the TILA claim, despite the fact that the TILA claim itself is time-barred. Plaintiff cites several

3
Case No.: 09-CV-02415-LHK
ORDER ADDRESSING VARIOUS PRETRIAL ISSUES

1  decisions from judges in the Northern District of California which find that a UCL claim may be
2  based on an otherwise time-barred TILA claim, because this does not trigger preemption under
3  TILA.  *See Romero v. Countrywide Bank, N.A.,* 740 F. Supp. 2d 1129, 1150 (N.D. Cal. 2010);
4  *Plascencia v. Lending 1st Mortg.,* 583 F. Supp. 2d 1090, 1099 (N.D. Cal. 2008) ("[T]he fact that
5  the UCL allows a claim to be brought within four years . . . simply provides an additional level of
6  protection for consumers.").  These decisions distinguish Ninth Circuit authority which holds that
7  "certain types of UCL claims premised on alleged TILA violations are preempted by HOLA [the
8  Home Owners Loan Act]."  *Romero*, 740 F. Supp. 2d at 1148; *See Silvas v. E*Trade Mortg. Corp.,*
9  514 F.3d 1001, 1006 (9th Cir. 2008).  It appears that the weight of authority supports Plaintiff's
10 argument that there is no preemption of UCL claims based on time-barred TILA claims outside the
11 context of HOLA.  The parties did not address this precise issue in the briefing on the summary
12 judgment motion.  Because it appears that Plaintiff is entitled to proceed with his TILA claim as a
13 predicate for his UCL claim, the Court hereby clarifies its previous Order to state that he may do
14 so.
15      CHL argued in its motion to dismiss that Plaintiff could not proceed with a TILA claim
16 against CHL, because "no violation was apparent on the face of the disclosure statement."  Mot. for
17 Summary Judgment (Dkt. 49) at 16.[1]  However, an assignee may be held liable for a TILA
18 violation when the TILA violation is "apparent on the face of the disclosure," meaning that it "can
19 be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any
20 itemization of the amount financed, the note, or any other disclosure of disbursement."  15 U.S.C. §
21 1641(a)(1).  As described above, Plaintiff has introduced evidence of at least one inconsistent
22 disclosure made when his loan originated.  "[A]t least three circuit courts have held that TILA
23 prohibits conflicting or inconsistent disclosures, including situations in which the inconsistency
24 arises from statements in multiple documents."  *Romero*, 740 F. Supp. 2d at 1137 (citing decisions
25 from the Third, Seventh and Eleventh Circuits) (internal citations omitted).  Therefore, the Court

---

[1] The Court did not previously address this issue as it believed the issue was mooted by its finding that the TILA claim was time-barred.

4

Case No.: 09-CV-02415-LHK
ORDER ADDRESSING VARIOUS PRETRIAL ISSUES

finds that there is a sufficient dispute of fact as to the underlying TILA violation to permit Plaintiff's UCL claim predicated on the TILA violation to proceed to trial.

In response to the Court's request, Plaintiff submitted a statement of the remedies he seeks under the UCL. Plaintiff indicates that he intends to claim what he describes as "restitutionary" relief of the increased loan payments, interest, and increased loan principal resulting in the increase of the interest rate from the initial rate of 1%, as well as "injunctive" relief against CHL to prevent it from continuing to charge him the increased rate. The Court would appreciate briefing by CHL regarding whether Plaintiff is entitled to either remedy under the UCL. CHL shall submit such briefing by **Friday, May 6, 2011**.

III.    Defendants' Motion to Strike Plaintiffs' Demand for Jury Trial

CHL moves to strike Plaintiff's jury demand, on the basis that Plaintiff is limited to equitable relief. CHL argues that there is no jury trial right when the remedies sought are equitable. "Two issues are to be addressed in determining whether the right of trial by jury attaches to a statutory claim. First, we must compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we must examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is more important." *SEC v. Rind,* 991 F.2d 1486, 1493 (9th Cir. 1993) (internal citations and quotations omitted). As CHL notes, there is no obvious corollary between 18th-century actions and the RESPA and TILA violations asserted here, so the Court moves to the second question of whether the remedies sought are legal or equitable.

First, Plaintiff concedes that he is not entitled to a jury trial on his UCL claim, because such a claim is limited to equitable remedies. This is correct. "[T]here is no right to a jury trial in a section 17200 lawsuit." *Hodge v. Superior Court,* 145 Cal. App. 4th 278, 285 (2006). Plaintiff argues that he is entitled to a jury on the question of emotional distress damages resulting from the alleged RESPA violation, but the Court has denied Plaintiff's request for reconsideration of its order limiting his REPSA damages to the attorney's fees associated with obtaining a response to the QWR. Therefore, emotional distress damages are not available to Plaintiff as damages for the alleged RESPA violation, and do not provide a right to a jury trial.

5

Plaintiff also argues that because attorney's fees are the "actual damages" available to him under RESPA, a jury must decide what attorney's fees are reasonable as this constitutes damages. Defendants cite authority holding that generally, awarding attorney's fees is an equitable determination to be decided by the court rather than by the jury. *See, e.g., Schmidt v. Zazzara,* 544 F.2d 412, 414 (9th Cir. 1976) (awarding attorney's fees "is part of the historic equity jurisdiction of the federal courts.") (internal citation and quotation omitted). However, when attorney's fees are part of a party's claimed damages, they may be determined by a jury. *See Fed. Agric. Mortg. Corp. v. It's a Jungle Out There, Inc.,* No. C 03-3721 BZ, 2006 U.S. Dist. LEXIS 31648 at *8 (N.D. Cal. May 9, 2006) ("plaintiff's attorneys' fees in this case are part of its damages and should have been resolved by the jury"), citing Fed. R. Civ. P. 54(d)(2)(a) ("[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). Therefore, although Plaintiff cited no authority in support of his argument, Plaintiff appears to be correct that when attorney's fees are claimed as damages, the issue of what fees to award is properly decided by a jury.

Finally, Plaintiff argues that because he has asserted claims for punitive damages, that issue must go to a jury. Plaintiff cites no authority for his argument that punitive damages are available under any of his remaining claims. Defendants cite several decisions by district courts outside this district holding that because neither TILA nor RESPA authorize punitive damages, none are available under these statutes. *See Pelayo v. Home Capital Funding,* No. 08-CV-2030 IEG, 2009 U.S. Dist. LEXIS 44453 at *24 (S.D. Cal. May 22, 2009); *Catalfamo v. Countrywide Home Loan,* No. CV F 08-1117 LJO TAG, 2008 U.S. Dist. LEXIS 84058 at *13-14 (E.D. Cal. Sept. 3, 2008). The Court finds these cases persuasive and concludes that Plaintiff may not recover punitive damages under his RESPA or TILA claims. Likewise, punitive damages (and damages of any kind) are not available to Plaintiff under the UCL. *In re Wal-Mart Stores, Inc.,* 505 F. Supp. 2d 609, 620 (N.D. Cal. 2007) ("Indeed, it is settled law that punitive damages are not available under section 17200.") (citing *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1148 (2003).

Accordingly, the Court finds that Plaintiff is entitled to a jury trial of his RESPA claim only.

IV.     Conclusion

To summarize the above holdings, the Court concludes that a) Plaintiff is not entitled to claim emotional distress damages as a remedy for the alleged RESPA violation because he waived this argument; b) Plaintiff may proceed with the alleged TILA violation as an additional basis for his UCL claim even though the TILA damages claim itself is time-barred; and c) Plaintiff is entitled to a jury trial regarding his RESPA claim only.

**IT IS SO ORDERED.**

Dated: May 4, 2011

_____
LUCY H. KOH
United States District Judge