United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORLITO SORIANO, | ) Case No.: 09-CV-02415-LHK |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER ADDRESSING ADDITIONAL |
| COUNTRYWIDE HOME LOANS, INC., | ) PRETRIAL ISSUES |
| SOLIDHOMES FUNDING, MANUEL | ) |
| CHAVEZ, MARK FLORES, SOLIDHOMES | ) |
| ENTERPRENEURS, INC., BANK OF | ) |
| AMERICA CORP., AND DOES 5-100, | ) |
| | ) |
| Defendants. | ) |

Plaintiff's claims for violation of the Real Estate Settlement Procedures Act ("RESPA", 12 U.S.C. § 2601 *et seq*.) and violation of California's Unfair Competition Law ("UCL," Bus. & Prof. Code § 17200 *et seq*.) have survived summary judgment. *See* Dkt. No. 59, April 11, 2011 Order. Trial in this case is set for June 6, 2011, and a pretrial conference was held on May 4, 2011. The parties have been ordered to attend a settlement conference with the Honorable Ronald Whyte on May 11, 2011. At the pretrial conference, the parties raised a number of issues relating to the scope of the case and the matters to be decided at trial, and asked that the Court reconsider issues decided in its May 4, 2011 Order Addressing Various Pretrial Issues. The Court addresses those issues here. The Court assumes familiarity with the statement of facts and background set forth in its Order on summary judgment, and does not restate them here.

Case No.: 09-CV-02415-LHK
ORDER ADDRESSING ADDITIONAL PRETRIAL ISSUES

I.      UCL Claim Based on Time-Barred TILA Claim

At the pretrial conference, counsel for Defendants submitted additional authority in support of their argument that Plaintiff should not be permitted to base his UCL claim on a time-barred Truth in Lending Act ("TILA," 15 U.S.C. § 1601 *et seq*.) claim.  The Court previously held that the UCL was not preempted by TILA based on the UCL's longer statute of limitations.  Defendants have cited several cases holding otherwise.  *See Zlotnik v. U.S. Bancorp*, 2009 WL 5178030 at *3 (N.D. Cal. Dec. 22, 2009); *Jordan v. Paul*, 745 F. Supp. 2d 1084, 1098 (N. D. Cal. 2010).  However, the Court finds the authority cited in the May 4, 2010 Order more persuasive.  The cases cited by the Court hold that there is no conflict preemption of state laws by TILA if the state laws provide additional consumer protection.  *See* May 4, 2010 Order at 2 (citing *Romero v. Countrywide Bank, N.A.,* 740 F. Supp. 2d 1129, 1150 (N.D. Cal. 2010); *Plascencia v. Lending 1st Mortg.,* 583 F. Supp. 2d 1090, 1099 (N.D. Cal. 2008).  Conflict preemption applies "when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress . . . ." *See Silvas v. E*Trade Mortg. Corp.,* 514 F.3d 1001, 1004 (9th Cir. 2008).  The Court concludes that because the more generous statute of limitations for UCL claims based on TILA violations does not make compliance with TILA impossible, or create an obstacle in accomplishing TILA's purposes, there is no conflict preemption of the UCL by TILA based on the UCL's longer statute of limitations.  *See Quezada v. Loan Ctr. of Cal., Inc.,* No. CIV. 08-177 WBS KJM, 2008 U.S. Dist. LEXIS 96479 at *11-12 (E.D. Cal. Nov. 24, 2008).  Accordingly, the Court declines to alter its previous Order which clarified that Plaintiff may proceed with his UCL claim on the basis of the alleged TILA violation.

II.     Jury Demand

In the May 4, 2011 Order, the Court held that "when attorney's fees are claimed as damages, the issue of what fees to award is properly decided by a jury," and denied Defendants' motion to strike Plaintiff's jury demand regarding his RESPA claim.  The parties were permitted one page of additional briefing to address this issue.  Defendants argue that because the parties have stipulated to the amount of attorney's fees in question, there is no issue for a jury to decide.

2

Case No.: 09-CV-02415-LHK
ORDER ADDRESSING ADDITIONAL PRETRIAL ISSUES

1   Plaintiff responds that a jury must still decide whether Defendants are liable for having violated

2   RESPA.  Somewhat confusingly, Plaintiff states that he "claims $570" but that "[t]he parties have

3   not stipulated to this fact."  Plaintiff's Suppl. Br. re Jury Demand (Dkt. No. 97).  The Court finds

4   that the parties have stipulated to the fact that Plaintiff's claimed attorney's fees incurred as a direct

5   result of the alleged RESPA violation are $570, as indicated in the Joint Pretrial Statement at 3 and

6   4.  However, the Defendants have cited no authority for the proposition that because the damages

7   value is set, there is no longer a jury right.  Whether or not the value of damages is stipulated, the

8   finder of fact must decide whether or not Defendants have violated RESPA.  If Plaintiff insists on

9   having a jury decide this issue, it appears he is entitled to do so.  As the Court previously noted, the

10  nature of the claim, including the remedy sought, determines whether the question goes to a jury or

11  not.  *SEC v. Rind,* 991 F.2d 1486, 1493 (9th Cir. 1993) (internal citations and quotations omitted).

12  However, Defendants have cited no authority for their contention that because the amount of

13  damages is not in dispute, the jury trial right is extinguished.  Accordingly, the Court declines to

14  revise its previous order denying Defendants' motion to strike Plaintiff's jury demand.  As

15  previously held, the jury trial right attaches only to Plaintiff's RESPA claim and not to his UCL

16  claim.

17      III.     Available Remedies for Plaintiff's TILA-Based UCL Claim

18          Defendants moved for summary judgment of Plaintiff's UCL claim, arguing in part that

19  "CHL is entitled to judgment as a matter of law on Plaintiff's RESPA and TILA claims.  Thus,

20  CHL is also entitled to judgment as a matter of law on Plaintiff's UCL claim, as there is no

21  evidence of any unlawful practice."  The Court granted summary judgment of Plaintiff's TILA

22  claim as time-barred, but has clarified its Order to state that Plaintiff's untimely TILA claim may

23  serve as a basis for a UCL claim.[1]  However, the Court has asked the parties for authority regarding

24

25

26  _____
    [1] Defendants argue in a footnote in their supplemental briefing that Plaintiff's Fourth Amended
    Complaint (4AC) does not assert TILA as a basis for his UCL claim.  *See* 4AC at 7-8.  While this
27  is true, it appears that the Court as well as Defendants have assumed for some time that Plaintiff's
    UCL claim *was* asserted on the basis of TILA.  *See* Feb. 5, 2010 Order at 7, Motion for Summary
    Judgment (Dkt. No. 49) at 17.  As a result, the Court will continue to interpret Plaintiff's third
28  claim under the UCL to be based on his alleged TILA violation.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    what remedies are available for a UCL violation based on a TILA violation.  Both parties have

2    briefed this issue.

3         Plaintiff argues that he is entitled to "restitution for the differential between $711.54

4    payment and imposed higher P&I payments (and interest thereon), which sum total to

5    approximately $40,000.00 . . . reduction in his inflated loan balance caused by the excessive

6    mortgage bills . . . [and] an injunction to enforce the promised 'certified' $711.54 payment, and 30-

7    year balloon payment."  The Court disagrees.  As Defendants point out, Plaintiff's proposed

8    "restitution" and "injunction" seek reformation of the loan agreement between the parties.  Plaintiff

9    attempts to tie this to the alleged TILA violation by arguing that the Court should essentially

10   enforce the "terms" reflected on the "Balloon Payment Disclosure" in place of the terms stated in

11   all of the other disclosures and the loan agreement itself.   However, Plaintiff has not stated a claim

12   for breach of contract or a basis for reforming the loan agreement.  Plaintiff initially attempted to

13   state a claim for breach of contract (which might entitle him to reformation of the contract), but this

14   claim was dismissed by the Superior Court for the County of Santa Clara before removal of this

15   action.  In dismissing the claim, Judge Cabrinha held that "Countrywide cannot be liable for breach

16   of contract for increasing the interest rate above the initial one-percent rate because the note

17   specifically provides for an increase after January 1, 2007."  *See* Dkt. No. 1, Ex. 12 at 2.  Likewise,

18   this Court has held that "[t]he loan documents in evidence show that pursuant to the terms of the

19   Note, CHL was entitled to change Plaintiff's interest rate."  The Court agrees with the Defendants

20   that Plaintiff is not entitled to reformation of his loan agreement as a remedy for the alleged UCL

21   violation.  *See Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433, 438-39 (5th Cir. 2000)

22   (finding that TILA does not provide a remedy for breach of contract).

23        In order to claim restitution, Plaintiff must show that he has an "ownership interest" in the

24   money he seeks to recover from Defendants.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29

25   Cal. 4th 1134, 1152 (2003).  But Plaintiff has no such ownership interest in the mortgage payments

26   made thus far, because Defendants were entitled to raise Plaintiff's interest rate and to charge him

27   accordingly.  Therefore, the Court concludes that Plaintiff is not entitled to the remedies he claims

28   for violation of TILA.  Should this case progress to trial, the Court will decide the issue of what, if

4

1   any, remedies are available provided that Plaintiff prevails in establishing that a TILA violation

2   occurred.  It is Plaintiff's burden to identify to what restitution or injunctive relief he is entitled as a

3   remedy for the alleged violation.  So far, he has failed to do so.  Plaintiff is cautioned that on the

4   record presently before the Court, it appears likely that Plaintiff is entitled to no monetary recovery

5   based on the alleged TILA and UCL violations.

6          Finally, Defendants note that contrary to Plaintiff's argument at the pretrial conference,

7   Plaintiff is not entitled to attorney's fees relating to his UCL claim.  *See People ex rel. City of*

8   *Santa Monica v. Gabriel,* 186 Cal. App. 4th 882, 891 (2010) ("The UCL does not authorize an

9   award of attorney fees.  No exception exists for UCL actions predicated on a statute that authorizes

10  such an award.").

11  IV.     Conclusion

12         To summarize the above holdings, the Court concludes that a) Plaintiff may proceed with

13  the alleged TILA violation as an additional basis for his UCL claim even though the TILA

14  damages claim itself is time-barred; b) Plaintiff is entitled to a jury trial regarding his RESPA claim

15  only; and c) Plaintiff may not claim reformation of his loan agreement as a remedy for the alleged

16  UCL violation, nor may Plaintiff claim attorney's fees associated with bringing his UCL claim.

17  **IT IS SO ORDERED.**

18  Dated: May 9, 2011

19                                     LUCY H. KOH
                                   United States District Judge

*United States District Court*
*For the Northern District of California*

Case No.: 09-CV-02415-LHK
ORDER ADDRESSING ADDITIONAL PRETRIAL ISSUES