**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORLITO SORIANO, | Case No.: 09-CV-02415-LHK |
| Plaintiff, | |
| v. | |
| COUNTRYWIDE HOME LOANS, INC., SOLIDHOMES FUNDING, MANUEL CHAVEZ, MARK FLORES, SOLIDHOMES ENTERPRENEURS, INC., BANK OF AMERICA CORP., AND DOES 5-100, | FINAL PRETRIAL ORDER |
| Defendants. | |

Plaintiff's claims for violation of the Real Estate Settlement Procedures Act ("RESPA", 12 U.S.C. § 2601 *et seq*.) and violation of California's Unfair Competition Law ("UCL," Bus. & Prof. Code § 17200 *et seq*.) have survived summary judgment. *See* Dkt. No. 59, April 11, 2011 Order. This matter is set for trial beginning on June 6, 2011. A pretrial conference was held on May 4, 2011, and a further pretrial conference was held on May 27, 2011. The Court has issued two pretrial Orders addressing various issues raised by both parties (some timely, and some untimely). *See* Dkt. Nos. 94, 100. This Order will address the following additional issues: 1) Defendant's untimely Motion for Summary Judgment of Plaintiff's RESPA claim (which Defendant mischaracterizes as a Motion in Limine); 2) Defendants' Motion to Quash the subpoena issued by Plaintiff to Defendants; 3) the Dispute Regarding Application of the California Financial

1

Case No.: 09-CV-02415-LHK
FINAL PRETRIAL ORDER

Information Privacy Act; and 5) Summary of the rulings on Motions in Limine 1-5 delivered orally at the May 4, 2011 Pretrial Conference.

1. Motion for Summary Judgment of Plaintiff's RESPA claim

Defendants move for a ruling that Plaintiff's claimed RESPA violation must fail because his attorney sent the asserted Qualified Written Request (QWR) to an address other than the one designated by defendant Countrywide Home Loans (CHL). *See* Dkt. No. 103 (RESPA Motion). Defendants argue that, as a matter of law under RESPA, when a lender specifies an address for QWRs, correspondence sent to any other address does not trigger a duty to respond under RESPA. *Id*. at 1.

CHL should have raised this issue in one of its motions to dismiss the RESPA claim for failure to state a claim, or in its motion for summary judgment. This issue is not properly the subject of a motion in limine. However, because CHL raises a purely legal issue, for the sake of efficiency the Court will resolve this question now.

In support of its argument, CHL cites a provision of Regulation X (the RESPA implementing regulation) which provides that "a servicer may establish a separate and exclusive office and address for the receipt and handling of qualified written requests." 24 C.F.R. § 3500.21(e)(1). CHL cites a number of district court decisions (from judicial districts other than the Northern District of California) interpreting this provision of Regulation X. CHL argues that these courts "have held that, if a loan servicer establishes a separate and exclusive address for QWR, only a request sent to that address triggers a loan servicer's duty to respond under RESPA." RESPA Mot. at 1. Several of the cases that CHL cites do hold this. *Daddabbo v. Countrywide Home Loans, Inc.,* No. C09-1417RAJ, 2010 U.S. Dist. LEXIS 114444 at *4-*6 (W.D. Wash. Oct. 27, 2010) (granting summary judgment of RESPA claim on the basis that an untimely request for information sent to the wrong address was not a QWR); *Steele v. Green Tree Servicing, LLC,* No. 3:09-CV-0603-D, 2010 U.S. Dist. LEXIS 92756 at *7-*10 (N.D. Tex. Sept. 7, 2010) (granting summary judgment of RESPA claim because Plaintiff sent the alleged QWR to an address for customer questions rather than the designated address for QWRs).

1         However, many of the cases cited by CHL do not make such a holding. Instead, these cases
2    hold that when an alleged QWR is sent to an entity other than the lender, it triggers no duty on the
3    part of the lender to respond. *See Bishop v. Quicken Loans, Inc.,* No. 2:09-01076, 2010 U.S. Dist.
4    LEXIS 93692 at *18-19 (S.D. W. Va. Sept. 8, 2010) (dismissing RESPA claim because the alleged
5    QWR was sent to an entity other than the lender, *not* based on failure to send the QWR to the
6    address designated by the lender); *Carter v. Countrywide Home Loans, Inc.,* No. 3:07CV651, 2009
7    U.S. Dist. LEXIS 75247 at 21-22 (E.D. Va. Aug. 24, 2009) (granting summary judgment of
8    RESPA claim when the alleged QWR "does not appear to request information from, or address
9    questions to, Defendant Countrywide" and was not addressed to or received by Countrywide);
10   *Bally v. Homeside Lending, Inc.,* No. 02 C 5799, 2005 U.S. Dist. LEXIS 20123 at *7-8 (N.D. Ill.
11   Sept. 8, 2005) (granting summary judgment of RESPA claim when alleged QWR was mailed to
12   outside counsel for lender and only faxed to lender). The holdings of these cases shed no light on
13   the facts in this case, where it is undisputed that CHL itself received and made several responses to
14   the alleged QWR.

15         In the present case, CHL argues that it notified Plaintiff of its exclusive address for QWRs
16   under RESPA. CHL did not submit the alleged notification in support of its RESPA Motion, but
17   Plaintiff attached it to his opposition. The alleged notice is a four page letter dated January 25,
18   2007. On the first page of the letter, under a heading titled "Your New Services Contact
19   Information and Payment Remittance Address," CHL stated "[p]lease send all correspondence to
20   Countrywide, P.O. Box 5170, Simi Valley, CA 93062-5170." On the second page of the letter, in a
21   box labeled "Borrower's Rights," the letter states: "If you want to send a 'qualified written request'
22   regarding Countrywide's servicing of your loan, it must be sent to the following address:
23   Countrywide Home Loans, Inc., Customer Service Correspondence SV-26B, P.O. Box 5170, Simi
24   Valley, CA 93062-5170." Obviously, these addresses contain the same P.O. Box number (5170) at
25   the same address in Simi Valley, California.

26         The alleged QWR sent by Plaintiff's counsel on September 20, 2007 was addressed to a
27   different Countrywide P.O. box in Van Nuys, California. The letter sought information about why
28   Plaintiff's interest rate and principal plus interest payment had increased, and a correction of

3
Case No.: 09-CV-02415-LHK
FINAL PRETRIAL ORDER

1   Plaintiff's account.  If CHL had not responded to this letter at all, this would present a different and
2   perhaps more difficult question.  However, CHL did respond to the September 20, 2007 letter.
3   CHL's response stated that it was made "in response to your recent request regarding interest rate"
4   and that the request "has been forwarded to the appropriate department for further research.  We
5   appreciate your patience while additional information is obtained.  You will be notified in writing
6   once the research is complete."  The return address on CHL's response is the 5170 P.O. Box in
7   Simi, California which CHL now argues was its designated address for QWRs.
8        CHL's current theory, that the September 20, 2007 was not a QWR because it was sent to
9   the wrong address, is entirely inconsistent with its actions in responding to the letter.  CHL stated
10  that it had forwarded the letter to the proper department and was doing research in order to respond
11  to the questions raised in the letter.  CHL encouraged Plaintiff to wait until he received a written
12  response indicating that this research was complete.  The Court finds that CHL waived its
13  argument regarding whether or not the QWR was sent to the proper address when it responded to
14  the September 20, 2007 letter and affirmatively stated that it would provide a response to the
15  September 20, 2007.  Accordingly, CHL's RESPA Motion is DENIED.
16      2.    Motion to Quash
17       CHL moves to quash a subpoena issued by Plaintiff on May 12, 2011 for a CHL custodian
18  of records to appear at trial with the "original loan file."  CHL argues that Plaintiff is attempting to
19  obtain information (inspection of the original loan documents) that should have been obtained
20  during discovery.  CHL also argues that in light of the fact that both parties have stipulated to the
21  authenticity and admissibility of the loan documents produced (as evidenced in the Joint Pretrial
22  Statement), there is no need for CHL to produce the original loan documents, or for a CHL
23  representative to attend trial to testify about the loan documents.  Finally, CHL argues that
24  Plaintiff's request is unduly burdensome, as the Plaintiff has not specified which original loan
25  documents he seeks.  In response, Plaintiff argues that the original loan documents (rather than
26  copies of documents produced during discovery in the case) are needed "to confirm that all the loan
27  documents are available for trial, as well as any notations on the originals that did not show up on
28  copies."

4

Case No.: 09-CV-02415-LHK
FINAL PRETRIAL ORDER

The Court agrees with CHL that if Plaintiff wanted to inspect the original loan documents and compare them to the production copies, this request should have been made during discovery. Although there are numerous district court decisions which state (in dicta) that a Rule 45 trial subpoena may seek "original copies of documents produced during discovery," the Court has been unable to find a published decision actually holding this, and Rule 45 says nothing about it. *See Rice v. U.S.,* 164 F.R.D. 556, 558 (N.D. Okl. 1995). There are numerous district court decisions quashing Rule 45 subpoenas on the basis that they seek to improperly circumvent the discovery deadline by asking for discovery that could have been sought before discovery closed. *See, e.g., See Integra Lifesciences I, Ltd. v. Merck KGaA,* 190 F.R.D. 556, 562 (S.D. Cal. 1999) (finding that a trial subpoena seeking documents and issued after the discovery deadline "was an improper use of discovery devices after the close of discovery.")  The Court follows this line of cases in holding that allowing Plaintiff to seek the original documents on the eve of trial would be an impermissible extension of the discovery deadline. This is particularly true in light of the parties' stipulation to the authenticity and admissibility of the loan file documents produced in this case (as reflected in the Pretrial Statement filed on May 16, 2011, several days after Plaintiff's trial subpoena was served). If Plaintiff wanted to challenge the authenticity of the loan documents produced by CHL, he should have done so when the documents were first produced.

Because Plaintiff cannot seek the original loan documents through a trial subpoena, he is also not entitled to compel a CHL custodian of records to attend the trial to testify about the documents. The Court must quash a subpoena if it would "subject a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Because there is no dispute over the authenticity of the loan file documents, there is no need for a CHL custodian of records to testify about the authenticity of the loan documents. Presentation of such evidence would be a "waste of time" and "needless presentation of cumulative evidence." As such, this evidence is excludable under Federal Rule of Evidence 403. Therefore, CHL's Motion to Quash is GRANTED.

3. Dispute Regarding California Financial Information Privacy Act

CHL seeks to include a jury instruction on the California Financial Information Privacy Act. CHL argues that this California statute extends the time for a RESPA response, which is 60

1  business days from the date a QWR is received. *See* 12 U.S.C. § 2605(e)(2). In CHL's view,

2  when a lender receives a QWR regarding a customer account from the customer's representative,

3  the duty to respond to the QWR is not triggered until the lender obtains authorization to discuss the

4  customer's financial information with the representative as required by the Financial Information

5  Privacy Act. Therefore, in CHL's view, the lender has 60 business days from the date that a lender

6  receives the authorization rather than 60 business days from the date that the lender receives the

7  QWR to provide a substantive response to the QWR.

8  Plaintiff argues that this reading of the California Financial Information Privacy Act is

9  inconsistent with RESPA, and the Court agrees. CHL provides no authority for the argument that a

10  California statute could alter RESPA to provide lenders additional time to respond to QWRs.[1]

11  Practically, there is no reason why a lender such as CHL could not begin its investigation to

12  respond to a QWR at the same time that it seeks authorization from the customer to discuss the

13  customer's loan with a representative, and therefore satisfy both state and federal legal

14  requirements in a timely fashion. In this case, Plaintiff's attorney provided authorization to discuss

15  Plaintiff's account promptly upon CHL's request, and well within 60 business days of the

16  September 20, 2007 request. Had CHL been researching a response to the September 20, 2007

17  QWR (as it represented that it was doing in a letter dated October 3, 2007), it should have been

18  able to provide a substantive response to the QWR within the 60 day limit imposed by RESPA.

19  Moreover, CHL has introduced no evidence that it ever provided a substantive response to

20  Plaintiff's QWR, regardless of when the 60 business days expired. Thus, the Court finds that the

21  California Financial Information Privacy Act is simply not relevant to the questions presented here.

22  Accordingly, CHL's proposed jury instruction will not be permitted.

23      4. Summary of Rulings on Motions in Limine 1-5

24  The Court ruled on these Motions in Limine during the first pretrial conference on May 4,

25  2011. For ease of reference and clarity, the Court summarizes these rulings below.

---

[1] Adopting CHL's proposed interpretation would likely result in conflict preemption of the California statute by RESPA, because it would result in the California statute "stand[ing] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting RESPA and in specifying 60 business days for lenders to respond to QWRs. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).

1    CHL's Motion in Limine 1 to exclude reference to causes of action dismissed by Judge
2    Ware is GRANTED.  This Motion in Limine was unopposed by Plaintiff.
3    CHL's Motion in Limine 2 to exclude reference to causes of action summarily adjudicated
4    by the undersigned Judge: GRANTED.
5    CHL's Motion in Limine 3 to exclude references to Plaintiff's claim that loan payments
6    were wrongfully or illegally increased: GRANTED IN PART.  Plaintiff may state his
7    understanding regarding the loan charges and evidence that the charges in fact increased, but
8    Plaintiff may not characterize the increased charges as illegal, unlawful, or wrongful.
9    CHL's Motion in Limine 4 to exclude reference to claim for punitive damages:
10   GRANTED.
11   CHL's Motion in Limine 5 to exclude references to oral representations made by loan
12   brokers: DENIED.
13   **IT IS SO ORDERED.**
14   Dated: May 27, 2011

_____
LUCY H. KOH
United States District Judge

7
Case No.: 09-CV-02415-LHK
FINAL PRETRIAL ORDER