UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORLITO SORIANO,<br><br>             Plaintiff,<br>       v.<br><br>COUNTRYWIDE HOME LOANS, INC., SOLIDHOMES FUNDING, MANUEL CHAVEZ, MARK FLORES, SOLIDHOMES ENTERPRENEURS, INC., BANK OF AMERICA CORP., AND DOES 5-100,<br><br>             Defendants. | Case No.: 09-CV-02415-LHK<br><br>ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF |

Plaintiff's claims for violation of the Real Estate Settlement Procedures Act ("RESPA", 12 U.S.C. § 2601 *et seq.*) and violation of California's Unfair Competition Law ("UCL," Bus. & Prof. Code § 17200 *et seq.*) have survived summary judgment. *See* Dkt. No. 59, April 11, 2011 Order. Plaintiff's UCL claim is based in part on the RESPA claim, in part on a claim for violation of the Truth in Lending Act ("TILA", 15 U.S.C. § 1601 *et seq.*), and in part on allegedly unfair acts by defendant. This matter is set for trial beginning on June 6, 2011. The trial is to be bifurcated: the RESPA issue will be tried by a jury, and the UCL claim will be tried by the Court. A pretrial conference was held on May 4, 2011, and a further pretrial conference was held on May 27, 2011. On May 26, 2011, pursuant to this Court's Guidelines for Final Pretrial Conference in Jury Trials, Defendant Countrywide Home Loans, Inc. (CHL) filed a trial brief. *See* Dkt. No. 122. In the trial brief, CHL raised two purely legal issues that could be dispositive of Plaintiff's TILA and RESPA

1
Case No.: 10-CV-02415-LHK
ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF

claims. The Court ordered Plaintiff to respond to the arguments raised in CHL's trial brief at the May 27, 2011 pretrial conference. Plaintiff submitted responsive briefing on May 29, 2011, May 30, 2011 and May 31, 2011. For the reasons set forth below, CHL's motion is GRANTED as to Plaintiff's RESPA claim and DENIED as to Plaintiff's TILA claim.

I.  Procedural Background[1]

CHL timely moved for summary judgment of all of Plaintiff's claims, including the RESPA and TILA claims discussed in this Order. In its ruling, the Court found that Plaintiff had adequately supported his claimed pecuniary damages resulting from the alleged RESPA violation, in the form of the attorney's fees incurred in sending two follow-up letters regarding the original Qualified Written Request (QWR). CHL did not move for reconsideration of the Court's Order on that ground. However, in its trial brief, CHL argues that the damages identified by the Court in the summary judgment Order are actually not available as RESPA damages because those expenses were incurred before any RESPA violation occurred.

In the summary judgment Order, the Court granted summary judgment of Plaintiff's TILA claim for damages on the basis that it was time-barred. Plaintiff then sought clarification as to whether his time-barred TILA claim may serve as the basis for a UCL claim. CHL opposed Plaintiff's motion. The Court concluded that a time-barred TILA claim may in fact serve as the basis for a UCL claim. In so holding, the Court addressed CHL's argument (raised in its summary judgment motion) that Plaintiff had no evidence to support holding CHL viable for any TILA violation because the TILA Disclosure itself contains no inaccuracies when compared to the Note. The Court held that "an assignee may be held liable for a TILA violation when the TILA violation is 'apparent on the face of the disclosure,' meaning that it 'can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement.'" 15 U.S.C. § 1641(e)(2). The Court found that because Plaintiff had introduced evidence of some inconsistent disclosures, he had adequately demonstrated a material dispute such that his TILA claim survived summary judgment.

---

[1] The Court has set forth the factual background of Plaintiff's claims in its April 11, 2011 Order, assumes familiarity with those facts, and does not repeat them here.

2
Case No.: 10-CV-02415-LHK
ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF

In its trial brief, CHL renews the argument that an assignee cannot be liable for a TILA violation committed by the loan originator unless that violation is "apparent on the face of the disclosure statement." Now, however, CHL has devoted several pages of briefing and provided numerous citations in support of this argument, whereas in its summary judgment motion this argument was limited to two paragraphs with no case citations.

In its ruling on CHL's summary judgment motion, the Court also found that Plaintiff had not adequately presented evidence to support a causal relationship between his claimed emotional distress damages and the asserted RESPA violation. The Court's granting of summary judgment of Plaintiff's claim for emotional distress damages was based on Plaintiff's failure to carry the burden in light of CHL's summary judgment motion, which demonstrated that Plaintiff had no evidence linking his claimed emotional distress damages to the alleged RESPA violation. Plaintiff moved for reconsideration of this issue. In his motion for reconsideration, Plaintiff cited evidence that was not cited in his opposition to CHL's summary judgment motion (even though the evidence was available to Plaintiff when the opposition was filed). The Court noted that it is not a settled issue whether emotional distress damages are even available for RESPA violations, but that in any case, Plaintiff had waived his right to present the arguments and evidence included in his motion for reconsideration because he had not raised them in opposition to CHL's summary judgment motion. April 11, 2011 Order at 2-3.

II. Analysis

    a. Waiver of CHL's Arguments

Plaintiff argues that CHL has waived the right to raise the issues it has raised in its trial brief because it failed to make these arguments (or to cite the authority it now cites in support of them) in its motion for summary judgment. In support of this waiver argument, Plaintiff cites a case the Court cited in its Order denying Plaintiff's motion for reconsideration, finding that Plaintiff waived his arguments regarding emotional distress damages because he failed to make those arguments in opposing CHL's motion for summary judgment. "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could

3

1   reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos*

2   *Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009).

3         Plaintiff misunderstands the burden-shifting nature of a summary judgment motion.  CHL

4   moved for summary judgment of Plaintiff's RESPA claim, and demonstrated that Plaintiff had no

5   evidence to show a causal connection between the claimed emotional distress damages and the

6   alleged RESPA violation.  As a result, in opposing CHL's summary judgment motion, *Plaintiff*

7   *carried the burden* to introduce evidence showing that there was a material dispute of fact on this

8   point.  As recited in the Court's Order on summary judgment, "[o]nce the moving party has

9   satisfied its initial burden of production, the burden of proof shifts to the nonmovant to show that

10  that there is a genuine issue of material fact.  A party asserting that a fact is genuinely disputed

11  must support that assertion by either citing to particular parts of materials in the record or by

12  showing that the materials cited by the moving party do not establish the absence of a genuine

13  dispute.  Fed. R. Civ. P. 56(c)."  April 11, 2011 Order at 6.  Because Plaintiff failed to carry this

14  burden in his opposition, the Court granted CHL's summary judgment motion.  As outlined in the

15  Court's Order denying reconsideration on this issue, pursuant to clear Ninth Circuit precedent,

16  Plaintiff had waived the right to present those facts and argument because he failed to include them

17  in his opposition brief.

18        In contrast, the only burden CHL faced at the summary judgment phase was the burden of

19  persuading the Court that it was appropriate to grant summary judgment in its favor.  This is

20  because Plaintiff did not move for summary judgment, so CHL did not face any burden of having

21  claims summarily adjudicated against it.  CHL's summary judgment motion succeeded in some

22  respects and failed in others.  The fact that CHL failed to raise certain authority or arguments at the

23  summary judgment phase, and therefore lost certain aspects of its summary judgment motion, does

24  not bar CHL from making additional arguments in its trial brief.  A trial brief "should address

25  issues of law likely to arise during trial that are not already disposed of by motions in limine."

26  Robert E. Jones et al., Federal Civil Trials and Evidence 1:330 (2010).  The Court shares Plaintiff's

27  frustration over CHL's pattern of making assertions with little or no support, then seeking at a

28  hearing or later pleading to raise case law CHL could have and should have previously raised.

4

Case No.: 10-CV-02415-LHK
ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF

1    Nonetheless, there is no basis to find that CHL waived its right to make these arguments by failing
2    to do so earlier. There is no requirement that a party move for summary judgment at all. Plaintiff
3    has introduced no authority requiring that a party make every possible legal and factual argument
4    at summary judgment. In contrast, when a party faces a burden in opposing a motion for summary
5    judgment, waiver can occur if the party fails to carry that burden by making argument or
6    introducing evidence, loses summary judgment, and then moves for reconsideration on the basis of
7    information it had access to when opposing the summary judgment motion.

8    Most importantly, however, sllowing the case to proceed to trial when it is legally
9    impossible for the jury or the Court to find in favor of the Plaintiff is a waste of judicial resources.
10   As discussed below, at least for Plaintiff's RESPA claim, the Court believes it would be legal error
11   for a jury to enter judgment in favor of Plaintiff.

12   CHL did not submit these arguments in a request for renewed summary judgment or
13   reconsideration. It submitted them in its trial brief, as legal issues for the Court to decide during or
14   after trial. In its discretion, and because resolution of these purely legal issues could moot the need
15   for a jury to be called in this case and/or limit the scope of the bench trial, the Court ordered that
16   Plaintiff respond to these arguments and treats them as supplemental motions for summary
17   judgment. Therefore, the Court resolves these issues below.

18                       b.   Damages for Claimed RESPA Violation

19   CHL timely moved for summary judgment of Plaintiff's RESPA claim. Defendant's
20   motion to dismiss Plaintiff's RESPA claim was based, in part, on its argument that Plaintiff had not
21   sufficiently alleged that he sustained any damages "as a result of" the alleged RESPA violation.
22   *See* Motion for Summary Judgment (SJ Mot.) at 10-13 (citing 12 U.S.C. § 2605(f)(1)(A)).
23   Defendant argued that while Plaintiff alleged various damages, he had failed to show a causal
24   connection between these alleged damages and the RESPA violation. The Court largely agreed
25   that Plaintiff had failed to establish a causal connection between the claimed damages and the
26   asserted RESPA violation. However, the Court held that Plaintiff "*ha[d]* sufficiently established a
27   causal relationship between the claimed RESPA violation and the attorney's fees Plaintiff incurred
28   when his attorney sent follow-up correspondence to CHL after the initial QWR was sent. Had

5

Case No.: 10-CV-02415-LHK
ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF

CHL properly responded in the first instance, Plaintiff would not have incurred those additional fees, as no follow-up would have been required." April 11, 2011 Order at 9-10.

In its trial brief, CHL argues that based on the timing of Plaintiff's follow-up letters, the attorney's fees associated with sending them are not proper RESPA damages. Trial Brief at 4. This is because the letters were sent before CHL's substantive response to Plaintiff's initial QWR was due, and hence before RESPA was allegedly violated. *Id*. It is undisputed that the initial QWR was sent on September 20, 2007 and that CHL properly acknowledged receipt of it on October 3, 2007 (within 20 business days, as required by 12 U.S.C. § 2605(e)(1)(A)). Plaintiff alleges that CHL violated RESPA when it failed to provide a substantive response to the QWR. RESPA states that such a response must be provided within "60 days (excluding legal public holidays, Saturdays, and Sundays)." Sixty business days from September 20, 2007 is December 18, 2007. However, the follow-up correspondence was sent on October 30, 2007 and November 21, 2007. Therefore, CHL argues that the costs of sending the follow-up letters were not incurred "as a result of" any RESPA violation because no RESPA violation had yet occurred when the follow-up letters were sent.

In support of its argument, CHL cites cases holding that a plaintiff must make a showing of pecuniary damages in order to state a claim for a RESPA violation. *Allen v. United Fin. Mortg. Corp.,* 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009). In analyzing Plaintiff's claimed RESPA damages, this Court previously relied on a later, consistent order in the *Allen* case, and on other cases holding that "filing suit generally does not suffice as a harm warranting actual [RESPA] damages" because, if it did, "every RESPA suit would have a built-in claim for damages." *Lal v. American Home Servicing, Inc.,* 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). By the same principle, the Court finds that due to the timing of Plaintiff's follow-up letters, its initial conclusion that the expense of sending these letters was incurred "as a result of" a RESPA violation was incorrect. Plaintiff could not have incurred the costs of sending follow-up letters as a result of the alleged RESPA violation, because the alleged RESPA violation had not occurred when the letters were sent.

1    In opposing this motion, Plaintiff cites some district court decisions holding that the costs
2    of sending a QWR and follow-up correspondence may be claimed as actual damages resulting from
3    a RESPA violation. *See, e.g., Rawlings v. Dovenmuehle Mortg., Inc.,* 64 F.Supp.2d 1156, 1164
4    (M.D. Ala. 1999) (finding secretarial expenses and costs of travel to obtain "certified
5    correspondence" to be actual damages under RESPA). However, automatically counting the cost
6    of sending a QWR (or any follow-up correspondence) as RESPA damages would, as the court held
7    in *Lal*, create a "built-in claim for damages" in every RESPA claim. The Court finds that such a
8    holding would be inconsistent with the reasoning expressed in *Lal* and in this Court's prior
9    Summary Judgment Order. The Court's previous ruling that Plaintiff had adequately stated a claim
10   for damages was based on the incorrect understanding that Plaintiff had sent the follow-up letters
11   *after* CHL had failed to respond to the QWR and allegedly violated RESPA.
12   Accordingly, the Court revises its previous summary judgment Order to find that Plaintiff
13   cannot claim the costs associated with the follow-up letters as actual damages resulting from the
14   alleged RESPA violation. Plaintiff has failed to allege a causal connection between the alleged
15   RESPA violation and *any* pecuniary damages. Therefore, the Court grants summary judgment of
16   Plaintiff's RESPA claim in favor of CHL.
17              c.   TILA Claim
18   In its trial brief, CHL argues that Plaintiff's TILA claim is legally deficient because the
19   asserted TILA violation was not apparent on the face of the TILA Disclosure Statement. The
20   Court previously held that "an assignee may be held liable for a TILA violation when the TILA
21   violation is 'apparent on the face of the disclosure,' meaning that it 'can be determined to be
22   incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the
23   amount financed, the note, or any other disclosure of disbursement.'" 15 U.S.C. § 1641(e)(2). *See*
24   Pretrial Order of May 4, 2011 at 4. The Court held that Plaintiff had identified at least one
25   inconsistent disclosure potentially giving rise to TILA liability —the Balloon Payment Disclosure,
26   which states that Plaintiff's loan "provides for 359 monthly payments of principal and interest in
27   the amount of $711.54." This disclosure appears to conflict with the terms of the Note and the
28   other disclosure documents, which state that the $711.54 payments will cover principal and interest

7
Case No.: 10-CV-02415-LHK
ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF

only for a few months, after which the interest rate "may" rise. The Court also noted that multiple courts had found that TILA "prohibits conflicting or inconsistent disclosures, including situations in which the inconsistency arises from statements in multiple documents." Pretrial Order of May 4, 2011 at 4 (citing *Romero v. Countrywide Bank, N.A.,* 740 F. Supp. 2d 1129, 1137 (N.D. Cal. 2010). Accordingly, the Court found that Plaintiff's TILA claim survived summary judgment.

CHL now argues that the Court should only consider whether the TILA Disclosure Statement *itself* was inaccurate in light of the Note or another TILA-mandated disclosure. CHL argues that an inconsistency between the TILA Disclosure Statement and documents other than those listed above is irrelevant and cannot give rise to a TILA violation. CHL has not cited (and the Court is not aware of) any authority directly answering the question presented, namely, whether TILA disclosures which are consistent with the terms of the Note may still give rise to TILA liability when they are inconsistent with other (non-TILA-mandated) disclosures. However, the Court finds that the language of the statute is the best guide to answering this question. TILA itself states that an assignee may be liable for a TILA violation if it is "apparent on the face of the disclosure," meaning that "the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement.'" 15 U.S.C. § 1641(e)(2) (emphasis added). Although Plaintiff alleges that the TILA Disclosure Statement itself was inaccurate, this is based on his unsuccessful argument that terms other than the terms appearing in the Note should apply to the Note. As discussed in previous orders, this Court (and the Superior Court pre-removal to federal court) have rejected this argument at least three times.

TILA requires that lenders provide certain disclosures to borrowers reflecting the terms of the legal obligation between the parties. The Staff Commentary to TILA's implementing statute, Regulation Z, states that "[t]he disclosures shall reflect the credit terms to which the parties are legally bound as of the outset of the transaction . . . The legal obligation normally is presumed to be contained in the note or contract that evidences the agreement . . . If the parties informally agree to a modification of the legal obligation, the modification should not be reflected in the disclosures unless it rises to the level of a change in the terms of the legal obligation." 12 C.F.R. Pt. 226,

8

Case No.: 10-CV-02415-LHK
ORDER RESOLVING LEGAL ISSUES RAISED IN DEFENDANT'S TRIAL BRIEF

Supp. I, ¶17(c)(1). In light of this, the Court believes that CHL is correct in arguing that unless Plaintiff can show that there is an inaccuracy or omission in the TILA Disclosure Statement itself, Plaintiff cannot make out a claim for violation of TILA.

Plaintiff filed two responses to CHL's TILA argument. The first response is largely unhelpful. In it, Plaintiff cites a number of cases in which courts have denied summary judgment to defendants when plaintiffs have come forward with evidence of discrepancies between TILA-mandated disclosures and the operative contract (including a note or mortgage, but *not* including an additional disclosure such as the Balloon Payment Disclosure). *See, e.g., In re Washington*, Nos. 06-CV-1625, 04-30492, 05-00021, 2007 WL 846658, at *6 (E.D. Pa., March 19, 2007) (reversing summary judgment of TILA claim where plaintiff identified a discrepancy between TILA-mandated disclosure and mortgage, which had been incorporated into the note); *Brown v. Mortgagestar*, 194 F.Supp.2d 473, 477 (S.D. W.Va. 2002) (denying motion to dismiss TILA claim where plaintiff identified discrepancies between TILA disclosure, deed of trust, and note). These cases support the Court's conclusion that unless the Plaintiff can introduce evidence of an inconsistency between the TILA disclosure and the Note, he cannot show a TILA violation. None of Plaintiff's cited cases find a TILA violation based on a TILA-mandated disclosure that accurately reflects the parties' contract but fails to reflect an additional, inconsistent, non-TILA-mandated disclosure.

In the second response, Plaintiff argues (without citing any authority) that CHL's argument that the TILA Disclosure Statement is the sole TILA disclosure is a "false major premise," and that instead, "*all* the disclosures are subject to TILA." In light of the fact that all of the case authority cited by both parties thus far has analyzed only TILA Disclosures or TILA Disclosure Statements and the legal obligations they are meant to summarize, and especially in light of the statutory language stating that an assignee cannot be liable unless a TILA violation is clear on the face of "the disclosure statement," the Plaintiff will have to provide some authority for this argument before the Court can adopt it. In addition, Plaintiff suggests that the TILA Disclosure Statement may have inaccuracies or omissions vis-a-vis the Note (rather than the Balloon Payment Disclosure). Plaintiff asks, "is it clear and conspicuous that the listed payments are for Principal

and Interest? Minimum Payments? Interest Only? 15 or 30-year amortization? No." Plaintiff does not identify what provisions in TILA require the disclosures he complains about or what provisions of the Note the disclosures omit or inaccurately reflect. Plaintiff will have to do much more than this to prove his TILA claim at trial. It is likely that this issue could have been resolved through summary judgment if both parties had more diligently pursued this case. As it stands, the Court will not grant summary judgment to CHL on Plaintiff's TILA claim as it appears there is a genuine dispute as to whether the TILA Disclosure Statement accurately reflects the terms of the Note.

### III.     Conclusion

CHL's motion for summary judgment of Plaintiff's RESPA claim is GRANTED, because Plaintiff cannot claim any pecuniary damages as a result of the alleged RESPA violation. CHL's motion for summary judgment of Plaintiff's time-barred TILA claim is denied. Therefore, it appears that the only issue remaining for trial is Plaintiff's UCL claim based on the time-barred TILA claim and based on alleged unfair practices by CHL. Because the UCL claim is not for a jury to decide (as discussed in previous orders), this claim will be tried to the Court.

**IT IS SO ORDERED.**

Dated: June 2, 2011

_____
LUCY H. KOH
United States District Judge